[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The present action arises out of a two-car accident which occurred on Interstate 91 in Hartford, Connecticut. The plaintiff, Michael Bloomberg, filed a one count complaint sounding in negligence against the CT Page 14148 defendant, Wesley Betters, on October 8, 1999. The plaintiff alleges,inter alia, that the defendant violated General Statutes § 14-218a
and seeks double or treble damages pursuant to General Statutes §14-295. The defendant filed a request to revise the complaint to divide it into two separate counts, one for negligence and one for recklessness. The plaintiff objected to the request to revise and the court, Kocay, J., sustained the objection on April 10, 2000.
Presently before the court is the defendant's motion for summary judgment on the plaintiff's prayer for damages pursuant to § 14-295. The plaintiff filed an objection to which the defendant has filed a reply. Both parties have filed supporting memoranda of law.
 DISCUSSION
Although the defendant presented the court with a motion for summary judgment, the court will address the motion as a motion to strike. "[A] prayer for relief does not constitute a cause of action and, thus, a motion to strike rather than a motion for summary judgment, is the only pretrial method to attack a prayer for relief." Demarest v. Norwalk FireDepartment, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 165007 (March 24, 2000, D'Andrea, J.). "[T]he proper motion should be predicated on the legal sufficiency of the [prayer for relief], not on a claim that there are no genuine issues of material fact to be litigated." Mode v. Plainville, Superior Court, judicial district of New Britain at New Britain, Docket No. 493091 (April 19, 2000, Kocay, J.). "The substance of the motion, therefore, is more accurately described as a motion to strike." Mode v. Plainville, supra, Superior Court, Docket No. 493091; see also Aetna Casualty Surety Co. v. Jones,220 Conn. 285, 293, 596 A.2d 414 (1991) ("[B]oth the substance of the motion and the trial court's ruling on the motion demonstrate that it is more accurately described as a motion to strike."). Accordingly, the court will address the "motion for summary judgment as if it were a properly presented motion to strike." Aetna Casualy Surety Co. v.Jones, supra, 293.
"Whenever any party wishes to contest . . . the legal sufficiency of any prayer for relief in any. . . complaint . . . the party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. The court must "take the facts to be those alleged in the complaint . . . and. . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 522-23, ___ A.2d ___ (2000).
The plaintiff has requested in his prayer for relief, double or treble CT Page 14149 damages pursuant to § 14-295. The defendant argues that the plaintiff has not sufficiently alleged a cause of action to which § 14-295
applies because the plaintiff's complaint clearly alleges negligence, not recklessness. Section 14-295 provides that "[i]n any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party hasdeliberately or with reckless disregard operated a motor vehicle inviolation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or 14-240a, and that such violation was a substantialfactor in causing such injury, death or damage to property." (Emphasis added.) The plaintiff alleges that the defendant negligently violated 14-218a.[1]
The Connecticut appellate court has not addressed the pleading requirements of § 14-295 and there is a split of authority in the superior court on the issue. One line of cases requires a plaintiff to plead specific facts supporting a claim of recklessness, such that would support a claim of recklessness at common law. E.g., Chatterton v.Infinity Ins, Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 064615 (October 1, 1999, Arnold, J.) (holding that an allegation of a reckless violation of an enumerated statute is not sufficient to invoke § 14-295); McGuire-Kelley v. Sciuto, Superior Court, judicial district of New Haven at New Haven, Docket No. 428860 (October 1, 1999, Devlin, J.) (same); Nocera v. Besso, Superior Court, judicial district of Middlesex at Middletown, Docket No. 086777 (September 29, 1999, Gordon, J.) (same). The second line of cases holds that a plaintiff need only allege a deliberate or reckless violation of one of the statutes enumerated in § 14-295 and that such violation was a substantial factor of the plaintiff's injury. E.g., Erdman v.Dowdy, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 360603 (March 29, 2000, Skolnick, J.) (holding that the plaintiff is not required to allege the elements for common law recklessness to maintain a claim for treble damages pursuant to §14-295); Walker v. Gellert, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 066114 (December 22, 1999,Grogins, J.) (same); Haji-Ahmend v. Lake, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 162876 (September 30, 1999, Hickey, J.) (same); Ditillo v. Van Geerdele, Superior Court, judicial district of Waterbury, Docket No. 149690 (August 3, 1999, Gill,J.) (same).
In the present case, reading the allegations in a light favorable to sustaining the complaint; see Eskin v. Castiglia, supra, 253 Conn. 522-523; the plaintiff's allegations are not sufficient to support his claim even under the liberal pleading requirements. The plaintiff failed to allege CT Page 14150 that the defendant acted deliberately or with reckless disregard when violating § 14-218a. The plaintiff alleges only that "[s]aid collision was proximately caused by the negligence and carelessness of the defendant Wesley J. Betters, in one or more of the following ways: In that he operated his motor vehicle at a rate of speed greater than is reasonable, having regard to the width, traffic and use of highway, road or parking area, the intersection of streets and weather conditions in violation of § 14-218a of the Connecticut General Statutes." (Complaint, ¶ 4a, p. 2) Furthermore, the plaintiff specifically denied an intent to allege recklessness in his objection to the defendant's earlier request to revise: "The plaintiff alleges a single count of negligence and does not desire to further allege recklessness. . . . [T]he plaintiff is only alleging negligence and should not be forced to plead additional causes of action." Although the plaintiff urges the court to find allegations of recklessness in his claim for negligence, the court will not read recklessness into a claim that specifically alleges negligence only, especially in light of the plaintiff's objection to the request to revise.[2]
Accordingly, the defendant's motion to strike the plaintiff's prayer for double or treble damages pursuant to § 14-295 is granted.
BY THE COURT
Hon. Andre M. Kocay, J.